† PERLEY *versus* DOLE.

The plaintiff, being a bankrupt, deposited certain negotiable and negotiated promissory notes with the executor of his father's will, and afterwards procured them by giving a bond of indemnity to secure the executor against any liability to the creditors and legatees of the estate, and also against the claims of plaintiff's assignee in bankruptcy, or the assigns of such assignee; at the same time he passed over the notes to his surety on such bond, to indemnify him for signing the same. The surety transferred the same notes to the defendant taking a bond from him against his said liability. After these proceedings, the plaintiff's assignee in bankruptcy sold his right in this and other property, and the purchaser, in an action of trover against the executor, obtained a judgment for the value of the notes; — *Held*, that defendant had a right to withhold the notes from plaintiff and that trover would not lie.

ON REPORT from *Nisi Prius*, HATHAWAY, J., presiding.

TROVER, for four promissory notes.

After the evidence was introduced, it was agreed that the full Court might render a legal judgment upon the evidence admissible.

The facts in the case are fully stated in the opinion of the Court, drawn up by

TENNEY, J. — In January, 1844, after the death of Allen Perley, senior, the plaintiff, his son, put into the hands of Edward Todd, the executor of his last will and testament, the notes in controversy, all which were negotiable, and were indorsed in blank by him, and on April 12, 1844, wishing to obtain possession of them, they were redelivered to him on his causing a bond to be given to Todd, executed by his brother, Allen Perley and others, to indemnify him and save him harmless from all charge or liability, for or on account of said notes, or their proceeds, by or in behalf of

the creditors, heirs, devisees or legatees of said Allen Perley's estate, and from all claim upon the same by the assignee in bankruptcy of the plaintiff and the assigns of said assignee, and from all and every other person or persons, so that said Todd should suffer no loss therefrom, and be under no liability on account of said notes; and at the same time, and a part of the same transaction, the notes were delivered by the plaintiff to Allen Perley, as an indemnity upon his liability upon the bond. On May 21, 1844, Allen Perley having sold to the defendant all his interest in the estate of his late father, Allen Perley, as a part of the same contract, assigned and delivered the notes to him also, and in consideration, the defendant gave to Allen Perley a bond to indemnify him from all liability upon the bond given to Todd, on April 12, 1844. In 1846, Rufus Dwinal having purchased the notes, with other things, at the sale by the plaintiff's assignee in bankruptcy, obtained a judgment against Todd for a conversion of these notes, as a part of the plaintiff's assets, for their value. This judgment the plaintiff's counsel treat as having been paid; and it is in evidence, that Allen Perley considering that his liability upon the bond to Todd was fixed, after the date of the bond from the defendant, and the delivery of the notes to him, and on a payment by the defendant, that liability was discharged.

The counsel for the plaintiff insists, that by the judgment in the suit against Todd, and the discharge of the same by the debtor, the title of the notes vested in the plaintiff. This proposition cannot be admitted. Ordinarily after judgment in an action of trover, and the payment of that judgment, the property, if in existence, is regarded in law as that of the debtor; and in this case, it would, under such facts, be that of Todd. But in the conversion, he had surrendered the property, and taken in lieu thereof the bond of Allen Perley for his indemnity, and the notes were the property of the latter, certainly, till he should be discharged from his liability, either absolute or qualified.

Perley *v.* Dole.

The plaintiff has never caused this liability to be discharged in any way; but Allen Perley, in a transaction between himself and the defendant, has procured it to be done. If Allen had done it directly himself, he would be entitled to hold the notes for his indemnity. Having used them as a means of obtaining his own discharge, by putting them into the hands of the defendant, who has paid the money, to secure him for his contract, to save Allen Perley harmless from, and on account of his liability on his bond to Todd, the defendant has been guilty of no wrong in withholding the notes from the plaintiff. The latter now treats the notes as having been his, under the will of Allen Perley, at the time they were put into the hands of Todd, the executor; and the judgment against Todd shows, so far as it is in evidence in this case to affect either party, that they were in law his property, when he was declared a bankrupt; and his creditors must be considered as having had the benefit of the value of this property as a part of his assets. He parted with the same, in order to obtain the possession of it from Todd, and upon conditions, which have never been fulfilled, or absolutely. The law certainly cannot be obnoxious to such a reproach, as to allow him to recover the value of that property, of the one who has obtained the possession of it consistently with his own agreement, when he voluntarily placed it in the hands of his brother, and he has actually paid all that was necessary to save Todd harmless from all loss, after the suit and the judgment against him.     *Plaintiff nonsuit.*

*J. H. Hilliard*, for plaintiff.

*Rowe & Bartlett*, for defendant.