THE PRESIDENT, DIRECTORS AND COMPANY OF THE MERCHANTS' BANK OF NEWBURYPORT *vs.* J. THOMAS STEVENSON & others.

In a suit in equity brought to enforce against directors of a manufacturing corporation a personal liability for the corporate debts, under Rev. Sts. *c.* 38, § 25, the plaintiff will not be allowed to amend his bill, after a demurrer to it has been sustained, and after his demand is barred by the statute of limitations, provided he has been guilty of great laches in the prosecution of his suit, and in applying for leave to file an amendment.

BILL IN EQUITY brought to enforce against directors of the Glendon Rolling Mill, a manufacturing corporation, a personal liability for the corporate debts, under Rev. Sts. *c.* 38, § 25. The plaintiffs' claims accrued in 1854, and the corporation became insolvent in that year. The bill was filed on the 22d of September 1859, and on the 29th of November 1862 a rescript was sent down, sustaining a demurrer to it on the ground that it did not sufficiently show that the excess of debts over and above the amount of capital stock actually paid in happened under the administration of the defendants. See 5 Allen, 398. On the 1st of August 1863 the plaintiffs filed a motion to amend the bill, by supplying the requisite averments; and the question was reserved by the chief justice, whether under the circumstances leave to amend ought to be granted, in the exercise of a sound discretion.

*C. Cushing*, for the plaintiffs. The established principle is, that amendments will be allowed at any stage of the proceedings, in the discretion of the court, in furtherance of justice. *The King* v. *Grampond*, 7 T. R. 699. Mitford Ch. Pl. 330, 331. And this, although the cause has been some time pending in court. See *Saltus* v. *Bayard*, 12 Wend. 228 ; *Miller* v. *Watson*, 6 Wend. 506; *Jackson* v. *Kough*, 1 Caines, 251 ; *Utica Ins. Co.* v. *Scott*, 6 Cow. 606; *Hoffnagle* v. *Leavitt*, 7 Cow. 517 ; *Daley* v. *Atwood*, Ib. 483; *Nelson* v. *Barker*, 3 McLean, 379 ; *Tiernan* v. *Woodruff*, 5 McLean, 143; *Walker* v. *Armstrong*, 39 Eng. Law & Eq. R. 450. There has been no such delay as to afford a presumption of the satisfaction or abandonment of the plaintiffs' claim, or such as to prevent a proper defence, by reason of the

death of parties, loss of evidence or otherwise. *Tazewell* v *Saunders*, 13 Grat. (Va.) 354. *Warren* v. *Shaw*, 43 Maine, 429. *Miller* v. *Watson*, 6 Wend. 506. Moreover the omission was the inadvertent act of the plaintiffs' solicitor, who was an officer of the court; and where a substantial right is involved, parties should not be allowed to suffer by such act. *Doe* v. *Pilkington*, 4 Burr. 2447. *Close* v. *Gillespey*, 3 Johns. 526. *Neele* v. *Berryhill*, 4 How. Pr. R. 16. The fact that a new bill would be barred by the statute of limitations is a good reason for allowing the amendment. *Bearecroft* v. *Hundreds of Burnham*, 3 Lev. 347. *Davenport* v. *Holland*, 2 Cush. 1, 15. *Howell* v. *James*, 1 Wils. 163. *Partridge* v. *Willbank*, 5 Dowl. Pract. Cas. 93. *Culverwell* v. *Nugee*, 15 M. & W. 559. *Brown* v. *Fullerton*, 2 Dowl. & L. 251, and cases cited. 1 Van Santvoord Eq. Pr. 149. *Tobias* v. *Harland*, 1 Wend. 93. *Sackett* v. *Thompson*, 2 Johns. 206, and cases cited. *Betts* v. *Hoyt*, 13 Conn. 469, and cases cited. *Taylor* v. *Lyon*, 5 Bing. 333. *The Schooner Harmony*, 1 Gallis. 123. The defence of the statute of limitations, like that of usury, is regarded as hard and unconscionable, and should receive no favor at the hands of the court. An increasing liberality of the court as to amendments is observable; especially where the form of action is not changed, and the identity of the cause of action is preserved. *Hunt* v. *Rousmaniere*, 2 Mason, 342; S. C. 8 Wheat. 174.

*B. R. Curtis & J. Lowell*, for the defendants, cited 1 Dan. Ch. Pr. 454, 481, and cases there cited; Story Eq. Pl. §§ 886, 891, and cases there cited ; *Pratt* v. *Bacon*, 10 Pick. 128; *Sanborn* v. *Sanborn*, 7 Gray, 142; *Christ Church* v. *Simonds*, 2 Meriv. 467; *Milward* v. *Oldfield*, 4 Price, 325; *Smith* v. *Barnes*, 1 Dickens, 67 ; *Coningsby* v. *Jekyll*, 2 P. W. 300, *n.*; *Barnett* v. *Grafton*, 8 Sim. 72; *Jackson* v. *Murray*, 1 Cow. 156, and cases there cited ; *Allison* v. *Herring*, 17 Law Journ. (Ch.) 223 ; *Jennings* v. *Howe*, 14 Law Journ. (Ch.) 12.

BIGELOW, C. J. We entertain no doubt of the power of this court to allow an amendment to a bill in equity, either in matter of form or substance, at any stage of the cause before the entry of a final decree. In this particular, we do not follow the

rules of practice adopted in the English chancery courts. The authority to allow such amendments was expressly conferred on the court by Rev. Sts. *c.* 100, § 22, and a similar provision is reënacted in Gen. Sts. *c.* 129, § 41. It has already been decided that this statute is applicable to suits in equity as well as to actions at law. *Crease* v. *Babcock*, 10 Met. 525, 529. Nor is it necessary, even where a demurrer is filed which goes to the equity of the whole bill, that the plaintiff should make a motion to amend in anticipation of an adverse decision. We do not in our practice, after a demurrer is sustained, regard the case as out of court so that it cannot be reinstated by amendment in matters of substance, because application therefor was not made before the decision on the demurrer was pronounced. The usual mode is to allow a plaintiff a reasonable time after a demurrer has been sustained, either on the ground of defect in form or for want of equity, to move for leave to amend his bill for the purpose of supplying the defect, or alleging new or additional grounds for the equitable relief which he seeks. And such amendments are always allowed, unless sufficient cause is shown to the contrary. In this respect the practice of this court is very liberal. But a motion to amend is not allowed as a matter of right. The statute which confers the power is not mandatory. While the authority which it gives to the court is ample, the question of its exercise is left to a sound judicial discretion.

Upon a careful consideration of the motion to amend the bill in the present case, and of the arguments and objections urged by the parties for and against its allowance, we are all of opinion that it ought not to be granted. The grounds on which we put our refusal of the motion are, that the claim which the plaintiffs seek to enforce in this suit is a peculiar one, founded on a statute liability in the nature of a penalty; that there has been very gross laches on the part of the plaintiffs in commencing and prosecuting their remedy, and that the debt due to them, on which their right to maintain this suit depends, is now barred by the statute of limitations. Taken by itself, perhaps no one of these grounds would be sufficient to warrant the court

in denying the motion; but in combination they constitute a decisive and insuperable objection to the allowance of an amendment which, in effect, would restore to the plaintiffs a remedy which by their own negligence they have lost.

While in a certain sense it is true that courts can recognize no distinction between different kinds or classes of rights and remedies, and are bound to give their countenance and aid alike to all persons, whatever may be the nature of the claim or defence which they seek to enforce or set up, it is also true that, when called on in the exercise of a judicial discretion to determine whether a party is entitled to be relieved from the operation of a strict rule of practice, or the effect of his own negligence, they will look into the nature of the case on which he relies, and be less inclined to grant him relief if it be unconscionable and inequitable, or founded on some strict legal right which, if enforced, may work hardship and injustice on other parties. Thus it is correctly said by the learned counsel for the plaintiffs, that a claim for usury receives no favor or indulgence at the hands of a court. In like manner a suit for the specific performance of a contract will not be maintained, if for any reason it would be inequitable, with reference to the rights of the other party to the contract, to grant such relief. So in suits for the enforcement of penalties a strict rule of interpretation will be adopted for the benefit of those upon whom the penalty is designed to be inflicted. These and other similar cases are only illustrations of the general principle, that courts of justice are influenced and controlled in their judicial action, not solely by the abstract legal rights of parties, but also in a certain class of cases by a consideration of the nature of these rights, and the consequences which may ensue to others from their enforcement.

It cannot be denied that the claim which it is the purpose of the present suit to charge on the defendants, although founded on an express provision of statute, is one *strictissimi juris*. It is not founded on any supposed equity or consideration of benefit received either directly or indirectly by the defendants. It is not a liability resulting from any moral delinquency, nor does it necessarily involve any actual negligence or dereliction of duty

by them. It may exist notwithstanding the utmost vigilance and care may have been exercised by the defendants in the performance of their duties as directors of the corporation. It can be regarded only as in the nature of a penalty, designed rather to prevent malfeasance and misfeasance by directors of manufacturing corporations than to secure to corporate creditors the payment of their debts out of the private estates of the directors. It certainly is most reasonable that creditors of an insolvent corporation, if they intend to rely on a liability of this nature, should seek to enforce it promptly. Delay may work very great injury to those who may be subject to the liability, by depriving them of the means of compelling an equal contribution among themselves. A director who, when the liability accrued and the corporation became insolvent, might have been able to pay his share or proportion of the excess for which all are liable, may after the lapse of a series of years become unable to make contribution. Nor is this all. A liability of this sort is necessarily indefinite in amount, and can only be determined at the suit of a creditor or creditors, seeking to enforce the remedy in their own behalf and in behalf of other corporate creditors. If they are guilty of laches in bringing their claims to an adjudication, and thus subject parties and their estates to an uncertain liability for a long period of time, they certainly do not put themselves in a position to ask much in the way of favor or indulgence at the hands of the court, when it can be granted only by prolonged delay, to the injury and oppression of the other parties to the suit. It is a case, therefore, where the court is fully justified in making a strict application of the maxim, *vigilantibus non dormientibus subvenit lex.* That the plaintiffs have been guilty of very gross laches is apparent from the facts stated in the report concerning the commencement and prosecution of this suit; especially in omitting to apply for an amendment to the bill, after the demurrer was sustained, for a period of eight months. During this time the suit was practically out of court, and the bill liable to be dismissed, if application had been made to the court. No explanation or excuse for such gross laches has been made.

These considerations are quite decisive in leading us to the conclusion that we ought not, by allowing the amendment, to revive the claim of the plaintiffs, which has now become barred by the statute of limitations. We cannot, in the exercise of our discretion, under such circumstances reinstate a suit, and thereby restore a remedy for the enforcement of a claim of this nature, which has been lost by the plaintiffs' own neglect.

Nor in this connection is the fact to be overlooked that as this is in the nature of a creditors' bill, to which all the creditors of the insolvent corporation may hereafter become parties, if the suit is continued in court, the allowance of the amendment asked for by the plaintiffs may revive not only their alleged rights, but also those of other creditors who have neglected now for more than eight years to take any steps towards the prosecution of their claims. The case of *Wiley* v. *Yale*, 1 Met. 553, is quite analogous to the one at bar, and fully warrants us in refusing to allow this amendment.                          *Bill dismissed.*