GRAFTON.

---

MOODY *v.* DROWN.

When the defrauded party elects to treat a fraudulent exchange of chattels as void, and the other party's possession of his property as tortious, a demand is not necessary to enable him to maintain trover.

And when the title of the chattel received by him, fraudulently represented to be good, has wholly failed, he may rescind the exchange without transferring to the fraudulent party a good title which he has obtained from a third person.

The measure of damages in such a case is the value of the property received by the defendant in the exchange.

In trover for a receipted account of the plaintiff against the defendant, the measure of damages is the value of the document. There is no legal presumption that its value as a chattel is the value of the chose in action, or the amount of the debt set forth on the paper.

TROVER, for a wagon, and a receipted account of the plaintiff against the defendant. The plaintiff gave the wagon and receipted account to the defendant in exchange for a horse. There was evidence upon which the jury might find that the defendant knew the horse was smuggled from Canada, and liable to forfeiture; that the plaintiff was defrauded by the defendant's representation that there was no defect in the title; and that the horse was taken from the plaintiff by the revenue officers, for the violation of the revenue laws, and sold at auction to the plaintiff for $75. The defendant excepted to the

refusal of the court to order a nonsuit. The plaintiff excepted to the ruling that the measure of damages was $75 and interest. Verdict for the plaintiff.

*G. A. Bingham*, for the plaintiff.

*Bingham & Mitchell*, for the defendant.

Doe, C. J. The plaintiff, electing to treat the fraudulent exchange as void, and the defendant's possession of his property as tortious, could maintain trover, without a demand and refusal. *Thurston* v. *Blanchard*, 22 Pick. 18; *Stevens* v. *Austin*, 1 Met. 557; *Thayer* v. *Turner*, 8 Met. 550, 552; *Bussing* v. *Rice*, 2 Cush. 48; *Farley* v. *Lincoln*, 51 N. H. 577, 580, 581.

The defeasible title, received by the plaintiff from the defendant, having entirely failed, and the horse having been taken from the plaintiff, he could rescind the exchange without buying the horse and returning it to the defendant. When he bought the horse, he obtained a title which he was not bound to transfer to the defendant, because he did not receive it from him. *Stevens* v. *Austin*, 1 Met. 557; *Manning* v. *Albee*, 11 Allen 520. In *Wiggin* v. *Foss*, 4 N. H. 294, the plaintiff was not required, before rescinding his contract with Chesley, to restore to him the two oxen which Chesley had stolen, and which the plaintiff had slaughtered and paid the owner for. When a plaintiff has been fraudulently induced to receive part payment in full satisfaction of the defendant's debt, on a compromise, he can recover the balance without returning what he received. *Pierce* v. *Wood*, 23 N. H. 519, 534; *Martin* v. *Roberts*, 5 Cush. 126.

It is said that a defrauded party cannot rescind his contract while he retains any part of the consideration or benefit which he has received *( Sanborn* v. *Osgood*, 16 N. H. 112, 113; *Sanborn* v. *Batchelder*, 51 N. H. 426, 435; *Perley* v. *Balch*, 23 Pick. 283) ; that he cannot repudiate his contract after it has, by his own act, become impossible to restore the other party to the position in which he was before the contract *( Clarke* v. *Dickson*, El. B. & E. 148, 155) ; that he must do all that is reasonably necessary to reinstate the other party in his original condition (Kerr on Fraud 327, Bump's *note )*. It has sometimes been said that he must restore the other party to his former position. But that seems to be too broad a generalization, although it may have been a correct statement of the operation of the general rule in particular cases in which such restoration was practicable and just. The doctrine of rescission is a principle of equitable relief. The party seeking to reclaim his own, must do what is reasonably necessary to make the restitution mutual. In this case, the transfer from the plaintiff to the defendant of the title which the plaintiff did not receive from the defendant, would not be restitution. The court rightly refused to order a nonsuit.

The fraudulent and voidable exchange being rescinded, the plaintiff

was entitled to recover the value of the wagon and receipted account, which did not become the property of the defendant by the rescinded contract. The value of the wagon and account is the measure of damages. The rule of *Felton* v. *Fuller*, 35 N. H. 226, is not applicable to this case. In respect to the account, the true measure may not be found in all the cases in which questions of this kind have been discussed. *O'Donoghue* v. *Corby*, 22 Mo. 393; *Fullam* v. *Cummings*, 16 Vt. 697; *Stone* v. *Clough*, 41 N. H. 290; *Spencer* v. *Dearth*, 43 Vt. 98; *Perley* v. *Dole*, 40 Me. 139; *Savery* v. *Hays*, 20 Iowa 25. But the principle is not doubtful. The measure is the value of the document. There is no legal presumption that its value as a chattel is the amount or value of the chose in action. The amount may be recovered in assumpsit. There is no evidence that, for the conversion of the paper and ink, the plaintiff is entitled to more than nominal damages.

*New trial of the question of damages.*

STANLEY and BINGHAM, JJ., did not sit.