NOYES *v.* PATRICK.

A general report of a referee in favor of a party includes the finding of every fact necessary to sustain the report, unless the facts specially found and stated in it appear to be the only ones on which the general conclusion is reached.

A party seeking to rescind a contract must ordinarily restore or offer to restore whatever he has received under it; and in case of the refusal of the wrong-doer to receive it, an offer to restore, properly made, is equivalent to actual restoration.

REPLEVIN, for a horse. A referee found for the plaintiff, and reported the following facts: The parties exchanged horses, the plaintiff giving a gray horse for a brown one and $20 in money. On the day following, the plaintiff took the brown horse and the same $20 to the defendant's house for the purpose of rescinding the trade. Not finding the defendant at his house, the plaintiff went to the defendant's mill, where he found him, and, claiming that he had been defrauded in the trade, offered to return the brown horse and the money, both being present, and demanded the gray horse, which was then locked up in the defendant's stable. The defendant told him he could not have the gray horse. The next morning the plaintiff went again to the defendant's house, the defendant being absent, and turned the brown horse into the defendant's pasture near his house, and offered to the defendant's wife, at his house, the same $20 received from the defendant, telling her what money it was. She declining to receive it, the plaintiff laid it on a table in her presence, and left it there. Returning home, the plaintiff met the defendant in the highway, told him what he had done, and again demanded the gray horse. The defendant drove off without saying that he would or would not give up the horse. The plaintiff then replevied the horse. On his return home the defendant took the $20 left at his house by the plaintiff and deposited it with one G., and notified the plaintiff that he could find it there if he wanted it; and so far as appeared it has since remained in G.'s possession. About a week after the brown horse was returned to the defendant's pasture, the defendant took him to the plaintiff's premises, the plaintiff not being present, and turned him into the plaintiff's

field, from which he escaped into the enclosure of one B, who took him as an estray, and caused him to be appraised under Gen. St., c. 130. A motion for a nonsuit was denied, and the defendant excepted. The defendant also contended that the tender of the horse and money must not only be made at the defendant's dwelling-house, but they must be kept by the plaintiff in readiness for the defendant at all times until the action was decided. Both parties moved for judgment.

*Aldrich & Parsons* and *Ladd*, for the plaintiff.

*Dudley, Shurtleff*, and *Ray, Drew & Jordan*, for the defendant.

CLARK, J. The referee made a general award in favor of the plaintiff; and it is to be assumed, nothing appearing to the contrary, that the referee found the facts necessary to warrant his award, the defendant's fraud in the trade, the plaintiff's right for that cause to rescind the contract, and an actual rescission by the plaintiff so far as the question is one of fact. Contracts entered into on fraudulent representations are voidable at the election of the party defrauded, and may be rescinded on discovery of the fraud if the parties can be restored to their original position. The party seeking to rescind must ordinarily restore, or offer to restore, whatever he has received under the contract; and in case of the refusal of the wrong-doer to receive it, an offer to restore, properly made, is equivalent to actual restoration. *Concord Bank* v. *Gregg*, 14 N. H. 331; *Sanborn* v. *Batchelder*, 51 N. H. 426; *Luey* v. *Bundy*, 9 N. H. 298, 303; *Manahan* v. *Noyes*, 52 N. H. 232, 237; *Moody* v. *Drown*, 58 N. H. 45.

In this case the plaintiff seasonably returned the money he had received from the defendant to the defendant's house, leaving it with his wife, and returned the horse to the defendant's pasture, and notified the defendant of what he had done. Having done this, he had done all that was required of him to rescind the contract; and the defendant having refused to deliver the plaintiff's horse when demanded, replevin lies for the wrongful detention. Laws of 1873, c. 21.

*Judgment for the plaintiff on the report.*

STANLEY, J., did not sit: the others concurred.