WHITTREDGE *v.* EDMUNDS *& a.*

A mortgage given to secure a note made for a larger sum than the amount actually due from the mortgagor is not invalid as against creditors of the mortgagor, if it appears that it was not made to hinder, delay, or defraud those creditors.

BILL IN EQUITY, to set aside a mortgage from the defendant Susan H. Edmunds, to the other defendant George S. Edmunds, as constituting a cloud on the plaintiff's title under the levy of an execution on a portion of the mortgaged premises, as the estate of the defendant Susan. Facts found by the court.

January 26, 1881, the defendant Susan gave the defendant George a note for $1,225, and secured it by a mortgage upon the real estate described in the bill. The court found the note and mortgage were a valid debt and security to the amount of $925.75 and interest from September 15, 1880, and that the same were not made to hinder, delay, or defraud the plaintiff. The court ordered the bill dismissed, and the plaintiff excepted.

*Harry G. Sargent*, for the plaintiff. The mortgage was a cover upon the property to the amount of $279.79. The debt which it pretended to secure did not exist. If the mortgage had been made for the amount actually due, the plaintiff could have levied upon the equity, and satisfied his execution to the amount of $279.79. He had no knowledge, and could have had no knowledge, but that the debt which the mortgage secured was $1,225. The record showed it to be that amount, and the defendants so claimed it in their answer.

The execution of this mortgage for $279.79 more than the debt actually due constitutes a secret trust, and fraud is an inference of law.   *Coburn* v. *Pickering*, 3 N. H. 424; *Coolidge* v. *Melvin*, 42 N. H. 510; *Putnam* v. *Osgood*, 52 N. H. 148; *Wilson* v. *Sullivan*, 58 N. H. 260.

The secret trust appears from the facts found by the court; and the further finding, that the note and mortgage were not made to hinder, delay, or defraud the plaintiff, only shows that there was no actual fraud in fact.   A secret trust being established, fraud is an inference of law which the court is bound to pronounce, no matter what was the actual intention of the parties.   *Wilson* v. *Sullivan*, supra; *Lang* v. *Stockwell*, 55 N. H. 564; *Winkley* v. *Hill*, 9 N. H. 31; *Paul* v. *Crooker*, 8 N. H. 288; *Coburn* v. *Pickering*, supra.   The order should have been that the cloud created by the mortgage should be removed to the extent of $279.79, with costs to the plaintiff.

*Ray & Walker* and *Wm. L. Foster*, for the defendants.

ALLEN, J.   The finding of no fraud in the execution of the note and mortgage necessarily included the finding that the transaction was in good faith, and that the making of the note and mortgage to secure a larger sum than was actually due was an unintentional error and innocent mistake.   *Noyes* v. *Patrick*, 58 N. H. 618. The mortgage being made in good faith, though describing the debt secured as larger than that actually existing at the time, cannot, in the absence of fraud, be defeated by the mortgagor's creditors by reason of an innocent mistake.   *Putnam* v. *Osgood*, 52 N. H. 148, 158; *Gordon* v. *Preston*, 1 Watts (Penn.) 385; Jones Mort., s. 348.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.