FELCH *v.* HARRIMAN.

A tenant at will is entitled to the annual fruits of the land.

TROVER, for apples grown on land of the defendant, which, under a parol agreement between the parties, was used by the plaintiff for pasturing his cattle for five years from the spring of 1881. Verdict for the plaintiff. It was in dispute whether the agreement was a leasing of the land for pasturage, or an undertaking to pasture the plaintiff's cattle there for a stipulated yearly price. The defendant from year to year picked the apples and carried them away, which constitutes the conversion alleged. The defendant requested the court to instruct the jury that if the pasture was leased, it was by an agreement for such an interest in land as to bring it within the statute of frauds, it not being in writing, and therefore it was not such a contract as could be enforced. The court denied the request, and instructed the jury that if the plaintiff hired the pasture and occupied and paid for the use of it, and the understanding of the parties was that he was to have the ap-

ples as a part of the pasturage, and the defendant took them, the plaintiff could recover. The defendant excepted to the refusal to instruct the jury as requested.

*Burnham & Brown*, for the plaintiff.

*W. C. Harriman* and *S. K. Paige*, for the defendant.

BLODGETT, J. The verdict in this case must be taken as a finding by the jury, upon competent evidence, that the relation of landlord and tenant existed between the parties as to the pasture at the time of the conversion complained of, and that both understood the apples in controversy were included in the pasturage. This understanding of the parties is of course conclusive upon the question of the plaintiff's right to the apples; but without it, his right to them would be none the less valid, because as tenant at will of the pasture he was entitled to its annual fruits, of which the apples were one.

The case standing precisely as if the statute of frauds did not exist, its interposition at the trial as a defence was properly without avail.

*Exceptions overruled.*

ALLEN, J., did not sit: the others concurred.