Rockingham, }
  June, 1896. }

## TUTTLE *v.* LANGLEY.

In the absence of a written contract, one who occupies a farm at an annual
rental is to be deemed a tenant at will from year to year, and as such is
entitled to the hay grown upon the land.   .
A general report of a referee in favor of a party whose conduct in carrying
on a farm is brought in question, is equivalent to a finding that he did all
that good husbandry required.

TROVER, for hay.   Facts found by a referee.   Early in 1890, the plaintiff and one Haley, who owned a farm in Exeter, had negotiations with reference to a lease of the farm to the plaintiff for the term of five years.   Haley agreed to give a lease for that term for $150 a year and allow the plaintiff to sell some of the hay raised on the farm, provided it was done so as not to injure the farm; meaning if any hay was sold, manures or other fertilizers should be bought and used.   No agreement in writing or memorandum was made or signed at this time.   The plaintiff moved on the farm about April 1, 1890.   Haley died December 21 of the same year, no written lease having been executed.   A

lease was drawn up by Haley which the plaintiff refused to sign because they could not agree as to the right of the plaintiff to sell any of the hay raised on the farm, the plaintiff claiming he was to have the privilege of selling hay if he left the farm in as good condition as he found it. Haley would not agree to this, and no lease was signed by either. About April 1, 1891, the plaintiff left the farm, leaving in the barn hay raised during the year. A part of this hay was afterward sold to the defendant by the executor of the will of Haley. The plaintiff carried on the farm in a husband-like manner during the year he was there. It did not appear whether the referee's assessment of damages was made upon the basis of the full value of the hay, or upon its value to be fed out on the farm.

*Eastman, Young & O'Neill,* for the plaintiff.

*Frink & Marvin* and *Thomas Leavitt,* for the defendant.

BLODGETT, J. The plaintiff's occupancy of the farm was that of a tenant at will from year to year (P. S., c. 246, s. 1; *Whitney* v. *Swett,* 22 N. H. 10, 13) and as such entitled him to its annual fruits, of which the hay was one. *Felch* v. *Harriman,* 64 N. H. 472, 473; *Plummer* v. *Currier,* 52 N. H. 287, 296, and authorities cited. And this would still be so, even if the hay was subject to the restriction that it be fed out on the farm. *Griswold* v. *Morse,* 59 N. H. 211, 214.

As tenant at will, the plaintiff was bound to carry on the farm in a husband-like manner. Whether he did so is a question, not of law, but of fact (*Pickering* v. *Moore,* 67 N. H. 533); and having been found in his favor by the referee, it may properly be regarded as equivalent to a finding that good husbandry did not require him to spend on the farm that portion of the hay now in controversy. *Noyes* v. *Patrick,* 58 N. H. 618, 619; *Whittredge* v. *Edmunds,* 63 N. H. 248, 249. Giving this effect to the finding, the defendant can have no cause of complaint as to the basis on which the damages were assessed by the referee; and if the plaintiff has any, he has failed to make it known.

*Judgment on the report for the plaintiff.*

All concurred.