### HAYDON *v.* HAYDON.

Opinion delivered April 3, 1911.

1. ACTION—JOINDER OF CAUSES.—Where a complaint alleges that the plaintiff and her husband's estate each had an interest in a crop which defendant wrongfully converted, it was proper to permit plaintiff to sue in her own right and as administratrix of her husband's estate. (Page 482.)

2. PLEADING—DEFECTIVE ALLEGATIONS—REMEDY.—Where the allegations of a complaint lack certainty, the defect should be reached by motion to make more definite and certain. (Page 482.)

3. SAME—AMENDMENT.—Where the original complaint alleged that plaintiff's intestate owned the fee simple to the land from which it was claimed that defendant removed a crop which belonged to plaintiff and her intestate, a substituted complaint which alleged that plaintiff's intestate was a tenant of the land upon which the converted crop was grown did not state a different cause of action. (Page 482.)

Appeal from Little River Circuit Court; *James S. Steel,* Judge; reversed.

*E. F. Friedell,* for appellants.

1. The demurrer should have been overruled. All persons who have an interest may be joined as plaintiffs. Kirby's Digest.

§ § 6005, 6229; 79 Ark. 64; 79 Ark. 181; Bliss, Code Pl. § 74; 50 Ark. 64.

2. The complaint states a cause of action. Kirby's Dig. § 6091.

*J. D. Head* and *Jeff T. Cowling,* for appellee

McCULLOCH, C. J. This is an action instituted in the circuit court of Little River County by Mattie Haydon in her own right and as administratrix of the estate of her deceased husband, Enoch Haydon, against the estate of D. R. Haydon, deceased, to recover the value of certain crops of cotton, corn and alfalfa, the property of the plaintiffs, alleged to have been wrongfully converted by said D. R. Haydon, to his own use.

It is alleged in the complaint that Enoch Haydon had, for several years prior to his death on April 11, 1905, been in actual possession as his home of the land on which said crops were grown; that he paid the rent of the land for the year 1905 by building fences and improving the land, and that "he had a crop partially planted and growing on the land" at the time of his death. It is further alleged that after the death of said Enoch Haydon the plaintiff Mattie Haydon continued, at her own expense, to have the said crop of 1905, which was begun by her husband, cultivated through her agents and employees," and that said D. R. Haydon "without right did enter into and upon the said tract of land, * * * and oust and eject these plaintiffs therefrom, and converted the entire crop for the year 1905 raised by the plaintiff Mattie Haydon on said land.

The complaint was substituted for one which alleged that said Enoch Haydon was the owner in fee simple of the land on which the crops were grown.

The defendant demurred on the grounds: "(1) That there is a misjoinder of parties plaintiff in this action. (2) That there is a misjoinder of causes of action. (3) That the complaint is insufficient to state a cause of action against the defendant. (4) Because the cause of action, as presented in the amended and substituted complaint, is a different cause of action from that set out in the original complaint herein."

The circuit court sustained the demurrer, and plaintiffs appealed.

The complaint stated a cause of action for conversion of the property described in the complaint.

It is also stated in the complaint that plaintiffs, Mattie Haydon and the estate of her deceased husband, each has an interest in the subject-matter of the controversy, and it was proper for both to join as plaintiffs in the action. Kirby's Dig., § 6005.

According to the allegations of the complaint, Enoch Haydon occupied the land as his home, and paid the rent for the year 1905, and planted a crop which was growing at the time of his death, part of which was a field of alfalfa from which defendant's testator wrongfully took and converted ten tons of alfalfa hay. This gave the estate of Enoch Haydon an interest in the crop. His widow was left in possession of the land, and she at her own expense cultivated the crops of cotton and corn to maturity. She had an interest therein which gave her the right to join in the suit.

The allegations of the complaint were sufficient, we think, to establish the right of the two plaintiffs to maintain a joint action for the value of the converted property in which both claimed an interest. If the allegations of the complaint lacked certainty, this should have been met by a motion to make more definite and certain.

The substituted complaint did not state a cause of action different from the one stated in the original complaint. The only difference was as to the character of Enoch Haydon's possessory right to the land on which the converted crops were grown. The value of the crops constituted the subject-matter of the action, and it was immaterial by what right Haydon held possession of the land, if his possession was rightful.

Reversed with directions to overrule the demurrer.