## PING v. KERSHAW.

No. 11099—Opinion Filed March 13, 1923.

(Syllabus.)

**1. Trover and Conversion—Defenses—Title.**

The defendant, when sued in detinue or trover, cannot show for the purpose of defeating plaintiff's action an outstanding superior title when the plaintiff and defendant both claim through a common source.

**2. Same—Liability of Agent.**

An agent who assists a principal in converting property of a third person for the use of the principal is personally liable to the owner for the loss sustained.

**3. Same—Hay Crop as Personalty.**

A crop of hay on lands which plaintiff has rented is personal property and subject to conversion.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action by W. L. Ping against L. R. Kershaw for conversion. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

Neff & Neff and Ed K. Brook, for plaintiff in error.

L. J. Roach, for defendant in error.

COCHRAN, J. This action was brought by the plaintiff in error against the defendant in error for the conversion of some hay. Parties will hereinafter be referred to as plaintiff and defendant as they appeared in the trial court.

The trial court instructed the jury to return a verdict for the defendant, which was done, and judgment rendered thereon.

The plaintiff contended that he rented 60 acres of land for the year 1918 from Mrs. Ida Miley, and that the defendant wrongfully converted the hay grown on such lands. The defendant claims that the testimony shows that the plaintiff never had a valid rental contract on the 60 acres of land; that in selling the hay grown thereon he, the defendant, was acting as the agent for Mrs. Miley, and if there was any conversion of the hay, Mrs. Miley was liable and defendant was not, and that the hay was not personal property and was not subject to conversion.

The testimony shows beyond a doubt that the hay land was rented to the plaintiff by Mrs. Miley for the year 1918. After it was so rented, a controversy arose between the plaintiff and Morgan, who had occupied the land as tenant for several years preceding the year 1918, and Mrs. Miley referred this dispute to the defendant for the purpose of settling the difference, but insisted that she had rented the land to the plaintiff for 1918 and that she desired him to have it. The contention of the defendant that the plaintiff had no rental contract is based upon the fact that this land had belonged to the deceased husband of Mrs. Miley; that Mrs. Miley and four children, all of whom were adults, inherited this property upon the death of Mr. Miley, and, therefore, Mrs. Miley only owned an undivided one-third interest in the property. Such rights as the defendant had to dispose of the hay from this land were derived from Mrs. Miley, and since his right comes from a common source with the title of the plaintiff, he is estopped to deny the title of the plaintiff.

In Pruitt v. Gunn (Ala.) 44 South. 569, the court said:

"The defendant, when sued in detinue or trover, may show an outstanding superior title, with which he connects his claim or possession, or when a plaintiff fails to show former possession, and relies solely upon title, the defendant is allowed to show a superior title in a third person, without connecting himself with it, to defeat the action. But this exception does not apply when both claim title through a common source. Mitchell v. Thomas. 114 Ala. 461, 21 South. 991; Draper v. Walker, 98 Ala. 310, 13 South. 595; Gardner v. Boothe, 31 Ala. 186."

The contention that the defendant was acting as the agent for Mrs. Miley and that she received the benefits of his acts, and that he would therefore not be liable, is not supported by any citation of authority. The general rule is stated in vol. 20, A. L. R. 120, as follows:

"An agent or servant who assists a principal or master in converting property of a third person to the use of the principal or master is personally liable to the owner for the loss thereby inflicted upon him."

The authorities supporting this rule are collected in the above quoted volume.

Perennial crops, under certain circumstances, have been treated as part of the real estate to which they are attached; but it has been uniformly held that crops of this character can be sold and transferred as personal property, and we are of the opinion that an action for the conversion of the hay could be maintained. In Leidy v. Carson (Mo. App.) 90 S. W. 754, the court said:

"There can be no doubt, under all these authorities, but what the stalks, being fructus industriales, or an artificial crop, were personal, and in no sense real property, as they were mature at the time. As Thomas, the tenant, was the owner of the grass, with the right to remove or consume it under his lease, it was also personal property."

Benjamin on Sales (7th Ed.) page 133, states as follows:

"As to natural production (fructus naturals), such as grass, fruit, growing trees, etc., the prevailing and better rule now is that if, by the fair interpretation of the contract, the thing sold is to be immediately or within a reasonable time severed from the soil and carried away, and is not left to grow and attain additional strength and increase from the earth, the sale is that of personal property and not an interest in land."

The following authorities also support the rule that crops such as hay, fruit, etc., are to be considered personal property and subject to conversion: Hayden v. Hayden (Ark) 136 S. W. 671; Crosby v. Wolben, 134 N. Y. S. 328; Felch v. Harriman (N. H.) 13 Atl. 418; Tuttle v. Langley (N. H.) 39 Atl. 488; Donahue v. Shippee (R. I.) 8 Atl. 541.

We are of the opinion that the trial court erred in directing a verdict in favor of the defendant. The testimony was sufficient to entitle the plaintiff to have the

issues involved submitted to a jury. The judgment of the trial court is reversed, and cause remanded, with directions to grant a new trial.

JOHNSON, V. C. J., and McNEILL, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.