**WAT HENRY PONTIAC, Inc., Plaintiff in Error,**

v.

**Paul E. PITCOCK and Robert E. Pitcock, copartners, d/b/a Ajax Electric Co., Defendants in Error.**

**No. 36991.**

Supreme Court of Oklahoma.

July 17, 1956.

Rehearing Denied Sept. 11, 1956.

Hughey Baker, Robert N. Bachelder, Tulsa, for plaintiff in error.

Cleo Wilson, Tulsa, for defendants in error.

HUNT, Justice.

The plaintiff in error, Wat Henry Pontiac, Inc., hereinafter referred to as the defendant, or corporation, was sued by the defendants in error, Paul E. Pitcock and Robert E. Pitcock, co-partners, d/b/a Ajax Electric Co., hereinafter referred to as plaintiffs, for the sum of $800.14, alleged due for labor and materials furnished defendant. We quote from plaintiffs' amended petition as follows:

"Plaintiffs allege that said defendant is indebted to plaintiffs in the sum of Eight Hundred and 14/100 Dollars ($800.14), for electrical wiring, fixtures, and labor furnished and performed by the plaintiffs at the instance and request of said defendant between the 17th day of October, 1952, and the 20th day of June, 1953, all as set forth in the itemized statement thereof attached hereto, marked Exhibit A, and made a part hereof; * * *."

Exhibit A referred to shows four bills under separate dates aggregating the amount sued for. The defendant filed an answer generally denying the allegations of plaintiffs' petition and incorporated therein a cross-petition wherein it alleged

that the plaintiffs were indebted to defendant in the amount of two automobiles, together with other unspecified items purchased from defendant, and further alleged that plaintiff did certain electrical wiring for which they charged the defendant $2,500 in excess of what they agreed to do the work for, and that defendant, without full knowledge of the amount, paid said sum, and that plaintiffs agreed to wire his home on Terrace Drive for $620, but that they charged $716.51 for the work in excess of the amount agreed upon, and that plaintiff overcharged for work done on other jobs; that the work was not done in a workmanlike manner and plaintiffs were compelled to come back and do the work over, and that defendant was compelled to spend an additional sum in order to get electricity at the price plaintiffs informed him he could obtain same, and further alleged that by reason of the acts and conduct of plaintiffs the defendant had been damaged in the sum of $5,000, and prayed judgment against the plaintiffs for said sum. Reference in the cross-petition to wiring "his home on Terrace Drive" apparently has reference to the home of Wat Henry, President of the defendant corporation, who was not a party to the action.

The cause came on for trial in February, 1955, and a jury was empaneled to try the issues. At the conclusion of plaintiffs' evidence the defendant demurred thereto, and at the conclusion of all the evidence the defendant moved for an instructed verdict in its favor, said demurrer and motion being overruled with exceptions to defendant. A verdict was rendered for the plaintiffs in the amount sued for and judgment was rendered accordingly. Motion for a new trial was overruled and the defendant perfected an appeal to this court.

Much of the brief of the plaintiff in error, Wat Henry Pontiac, Inc., is directed to that portion of the record which pertains to an item covering the cost of electric equipment and work done by plaintiffs commencing in January, 1951 on a residence at 1425 Terrace Drive which Wat Henry, President of the defendant corporation, testified was his residence and individual property. The record shows that the plaintiffs began doing electrical work for the defendant in 1947, and had done various work for it throughout the city; that the plaintiffs submitted a written bid to Wat Henry to install certain electrical wiring and materials in the residence to be erected at 1425 Terrace Drive at a cost of $716.09. When the work was done plaintiffs submitted a bill for the sum of $1,336.51, and the plaintiff, Paul Pitcock, testified that the amount of costs above the bid or estimate for the work was because of extra work and materials, which he enumerated, and which was ordered done on the building. He further stated that in 1952, some months after the work was completed Wat Henry requested him to re-invoice the account to the defendant, Wat Henry Pontiac, Inc., and mail the statement to that company, which he did.

Wat Henry, in his testimony, denied that he requested the invoice or duplicate bill to be sent to the defendant corporation. Plaintiff in error makes this statement in its brief:

"It will be noted from the evidence so far quoted that the plaintiff is seeking to recover from the Wat Henry Pontiac, Inc., defendant, the sum of $1336.51 for labor and material furnished on the individual home of Wat Henry at 1425 Terrace Drive."

and further states that the account was not a corporate liability, and that the trial court should have sustained defendant's demurrer to plaintiffs' evidence, and should have sustained defendant's motion to strike from the record all evidence with reference to charges for labor performed and material furnished on property owned by Wat Henry personally, and in which the corporation had no interest. Plaintiff in error cites the case of McCray v. Sapulpa Petroleum Co., 102 Okl. 108, 226 P. 875, and other decisions which hold in effect that a corporation officer has no general authority to transfer corporate property in satisfaction of the officer's individual obligations.

It is apparent from an examination of the record as a whole that the defendant is in error in assuming and stating that the plaintiffs sought to recover from the defendant corporation the sum of $1,336.51 for labor and materials furnished on the individual home of Wat Henry. An examination of plaintiffs' amended petition shows that the four separate amounts which comprise the total indebtedness sued for by plaintiffs, and for which judgment was rendered and upon which proof was submitted, did not include any part of the electrical wiring and materials furnished and done by the plaintiffs on the residence at 1425 Terrace Drive. It was the defendant corporation who, in its cross-petition, referred to the item and made it an issue in the case by seeking to recover the difference between the bid which the plaintiff submitted and the amount paid plaintiffs. The defendant did not seek to recover on its cross-petition against plaintiffs the total sum charged and paid for the electrical wiring on the residence at 1425 Terrace Drive on the ground that it was not a proper charge against the defendant, but apparently sought to recover from plaintiffs only that portion of the charge which it claimed was in excess of the amount of the bid submitted for the work.

In the trial of the case the plaintiff, Paul Pitcock, was asked to state the total amount of labor performed for Wat Henry or the corporation in dollars and cents, and answered that it is not brought down, the total, and that he would have to total all the ledger sheets. Thereupon, the trial judge inquired as follows:

"Is the plaintiff suing for these other items that are referred to or not?"

and Mr. Wilson, plaintiffs' attorney answered:

"No, sir, there is only actually four that make up the amount of the suit. We showed the entire transaction because there are so many complications we have to show the debits and credits up to that point."

Plaintiffs' evidence sustained the allegations of their petition as to the items and sum sued for and defendant's demurrer to the evidence was properly overruled. The defendant asserts that the trial court erred in refusing its motion to strike from the record all evidence with reference to charges for labor and material furnished on property owned by Wat Henry personally, but fails to demonstrate how it was prejudiced by the ruling of the trial court.

As previously stated, the plaintiffs were not suing to recover for labor performed or materials furnished on the residence which Wat Henry testified he owned. If all the evidence relating to the item had been stricken from the record that would not have affected or changed the amount for which plaintiffs were suing and there would have been no evidence as to that item in support of the defendant's cross-petition thereon. If the defendant desired to eliminate any issue on the item it should have dismissed the same from its cross-petition. Edmonston v. Holder, 203 Okl. 189, 218 P.2d 905, 906, holds:

"1. The pleadings in an action define the issues to be tried by the court, and the parties thereto are bound by the allegations and admissions made therein, unless the same are withdrawn or changed by amendment.

\*     \*     \*     \*     \*     \*

"6. Assignment of error that fails to show any resulting injury to appellant, or that any of his constitutional or statutory rights were violated, does not justify reversal."

The defendant corporation complains of instructions numbered 6 and 8, which refers to defendant's Exhibit A as a letter written by plaintiffs to defendant, Wat Henry, and further refers to work done on residence property of the defendant, Wat Henry. Wat Henry was not a defendant in the action, but the mere referring to him as such was not material to the issues, and the error was not such

as would likely confuse or mislead the jury. The instructions, as a whole, clearly show that Wat Henry Pontiac, Inc. was the defendant. The defendant did not submit any request for an instruction and made no objection to the instructions given.

"Parties to a law action properly triable to a jury must save proper exceptions to each instruction of the court to which he objects or the objection is waived." Carter Oil Co. v. Johnston, 208 Okl. 564, 257 P.2d 817, 818.

The defendant further asserts that the trial court erred in refusing to permit it to introduce in evidence an exhibit which is described as a recapitulation prepared by defendant's witness, Stephens, which shows the total amount of charges, together with the total amount of credits, all as testified to by the plaintiff, Mr. Pitcock. The record shows that the witness, Stephens, had previously testified at considerable length concerning the contents and nature of the exhibit before it was offered in evidence, and the matters therein compiled had been presented to the jury. It is not demonstrated that any error or prejudice resulted from the action of the trial court in denying the admission of the exhibit.

"The Supreme Court will not reverse a cause for erroneous exclusion of evidence unless it appears that such exclusion has probably resulted in a miscarriage of justice or that the verdict and judgment would have been different if the evidence excluded had been admitted." Layton v. Purcell, Okl., 267 P.2d 547, 548.

■ In a law action the verdict and judgment therein will not be reversed if there is any competent evidence reasonably supporting the same. Wiggins v. Sterne, Okl., 293 P.2d 603, 604, holds:

"4. Where no fundamental error appears and no objections are made to the instructions as given and no requested instructions on the points complained of are presented to the trial court, any objections to the instructions as given are waived.

"5. In a law action the verdict of the jury is conclusive as to all disputed facts and all conflicting statements, and where there is any competent evidence reasonably tending to support the verdict of the jury this court will not invade the province of the jury and will not disturb its verdict and judgment based thereon."

■ From an examination of the record and evidence shown we conclude and hold that the judgment of the trial court is sustained by the evidence and the law applicable thereto, and the judgment is, therefore, affirmed.

Defendants in error in their brief move this court for judgment upon the supersedeas bond given, and which is shown in the casemade. It is, therefore, ordered, adjudged and decreed that the defendants in error, Paul E. Pitcock and Robert E. Pitcock, co-partners, have and recover of and from Wat Henry Pontiac, Inc., as principal, and Ralph Byrd and Gary Henry, as sureties, the sum of $800.14, together with interest at 6% per annum from February 24, 1955 until paid, and costs of the action, for all of which let execution issue.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY and BLACKBIRD, JJ., concur.