Mary E. BANE, Appellee,

v.

ANDERSON, BRYANT & CO. and Gary E. Bryant, Appellants.

No. 68048.

Supreme Court of Oklahoma.

Oct. 24, 1989.

Dissenting Opinion Modified
Nov. 2, 1989.

Rehearing Denied Feb. 13, 1990.

Don J. Gutteridge, Jr., James W. Rhodes, Kerr, Irvine & Rhodes, Oklahoma City, for appellants.

J. Randall Robinson, Travis A. Pickens, Musser, Bunch, Robinson & Hirsch, Oklahoma City, for appellee.

SUMMERS, Justice.

Here we have an appeal from a judgment based on a jury verdict in favor of a plaintiff/investor against her securities broker and firm. The case initially requires us to determine which of the losing defendants below properly invoked the jurisdiction of this court on appeal, and secondly asks us to review the record to determine whether the jury verdict in favor of the plaintiff should stand. We find that defendants Anderson, Bryant & Co. and Gary E. Bryant properly acquired the status of parties appellant, but that defendant Phillips did not timely file a petition in error and is not a party to these appellate proceedings. Upon thorough review of the record we find that the judgment of the trial court should be affirmed.

Mary Bane brought this action alleging fraudulent misrepresentation, breach of contract, and violations of Oklahoma securities laws after learning that her investment with defendant Anderson, Bryant & Co. could not qualify as a Keogh account. She further alleged that the sixty day period during which she could have transferred from her existing Keogh account to another had lapsed, resulting in loss of the tax benefits on that account. The named defendants included the firm, Anderson, Bryant & Co., its President/Broker/Dealer, Gary E. Bryant, and individual employee/securities dealers Michael Oden and Larry John Phillips.

The jury rendered a general verdict for the plaintiff and against the firm, Bryant, and Phillips, jointly and severally, in the amount of $60,000 actual and $50,000 punitive damages. The defendants timely filed motions for new trial and judgment notwithstanding the verdict, which motions were denied on December 12, 1987. On March 13, 1987 the trial court heard and decided the plaintiff's motion for fees and costs, and awarded the plaintiff $40,254.58 in attorney's fees, and $160.00 in costs. This court received a timely filed petition in error on January 12, 1987. An amended petition in error was filed in this court on June 18, 1987 complaining of the award of an attorney's fee.

This appeal requires us to determine four issues: 1) Which appealing defendants properly invoked this court's appellate jurisdiction? 2) Did the trial court err in permitting the jury to assess damages against individual agents of the firm? 3) Were the awards of damages legally permissible and based upon competent evidence? and 4) Did the court err in its award of attorney's fees?

## I.

### PARTIES TO THE APPEAL

The issue here is whether individual defendants Gary Bryant and Larry Phillips should be permitted to appear as parties appellant. Each has filed a request to be so designated. Bryant filed a document styled "Request to Include Party as Appellant" on February 17, 1988. Phillips filed his "Application to Enter Appearance and Request to be Included as Party Appellant" on February 19, 1988. The plaintiff/appellee Bane responded by showing no objection to Bryant's being included as a party appellant, but objects to any appearance by Phillips as being untimely.

Throughout the entirety of these proceedings the same attorney represented both the firm known as Anderson, Bryant & Co. and its President, Bryant. Phillips was represented by other counsel. According to an uncontested affidavit filed in this court by the attorney for the firm and Bryant, all pleadings in the appeal were filed on behalf of those two, but not Phillips. Bryant's "request that he be included as an appellant in his action" is misstated. Under the thirty day requirement of 12 O.S.1981 § 990 it is too late for him *now* to become an appellant. However, if he acquired that status upon his attorney's filing the initial petition in error, this court should treat his request as one to amend the petition in error to reflect his correct status.

Counsel for the firm and Bryant timely filed a petition in error in the statutory form. We must determine which parties were contemplated for inclusion in that document. The style of the petition in error includes only "Anderson, Bryant & Co."; Gary Bryant's name is not there. However, one of the assignments of error in the petition complains of the trial court's failure to dismiss the "defendants Gary Bryant and Larry John Phillips as party Defendant". Another complains of the jury's action in assessing punitive damages against Gary E. Bryant and Larry John Phillips. Further, in eleven other places in the petition in error, the language complains of errors affecting the "defendants", or that the "defendants'" motions were overruled, etc. In short, it does not read like an appeal lodged by a single employer defendant.

A party may assert his own legal rights, but not those of third parties. *Wilson v. Gipson*, 753 P.2d 1349, 1356 (Okla.1988). Thus, it would appear these assignments of error are either made erroneously because Gary Bryant and/or Larry John Phillips are not parties appellant, or that they are properly included because Bryant and Phillips are parties appellant and only their names were inadvertently omitted from the style. The latter proposition is partially correct.

The petition in error was filed on January 12, 1987. On March 13, 1987, the trial court heard a motion for attorney's fees and costs, and the court's order is attached to the amended petition in error. The court made the following finding;

"5. That there is an appeal pending in the captioned case brought by the defendants Anderson, Bryant & Co., *and Gary E. Bryant*, and that this order is without prejudice to the right of Plaintiff to make application for her attorneys' fees and costs incurred subsequent to November 19, 1987, and throughout the appeal. (emphasis supplied)

The trial court thus made a finding that *two* parties had appealed, Anderson, Bryant & Co. and Gary E. Bryant. The order was "approved" by attorneys for plaintiff/Bane as well as the two named defendant/appellants. No party has expressly attacked this finding by the timely filing of a petition in error. See, 12 O.S. Supp.1986, Ch. 15, App. 2, Rule 1.11(d).

 Bane does not object to Bryant's name being added to the petition in error, but that is not controlling; parties may not confer this court's subject matter jurisdiction by consent. *Merchants Delivery v. Joe Esco Tire Co.*, 497 P.2d 766 (Okla. 1972). However, a petition in error was

timely filed which invoked this court's appellate jurisdiction, requiring us to determine from the record whether the material contained in that petition is legally sufficient to indicate that Bryant is and always has been a party appellant. Form does not rule over substance in evaluating documents filed in this court. *Matter of B.C.*, 749 P.2d 542, 544 (Okla.1988). We hold that the substance of the assignments of error, when viewed in light of counsel's affidavit and the trial court's finding, indicates that Gary E. Bryant *was at all pertinent times a party appellant,* but that his name was inadvertantly omitted from the style of the timely filed petition in error. A petition in error may be amended pursuant to Rule 1.17. We deem Bryant's "Request" to be an amendment to his original petition, and allow the style to be corrected to reflect Bryant's status as a proper party appellant.

■ Counsel for Phillips, however, never filed a petition in error. Instead he filed his "Request", not in the statutory form of a petition in error, and well beyond the time limit allowed during which an aggrieved party may appeal. Our constitution provides that one may only invoke this court's jurisdiction "in the manner provided by law." Okla. Const. Art. 7, § 4. The applicable statute prescribes the manner for lodging an appeal and provides:

> "An appeal to the Supreme Court may be commenced from an appealable disposition of a court or tribunal by filing with the Clerk of the Supreme Court a petition in error, within thirty (30) days from the date of the final order or judgment sought to be reviewed." 12 O.S.1981 § 990.

In response to Phillips' application to be included as an appellant, the plaintiff submitted an affidavit signed by opposing counsel which explained that the only appellants were the firm and Bryant individually. Further, the Phillips' "Request" does not contain the substantive material required for a petition in error. We find that Phillips has failed to invoke our jurisdic-

tion, and is not a party to these proceedings.

## II.

### BRYANT'S INDIVIDUAL LIABILITY

Throughout this case, Bryant has maintained that he acted only as the agent of Anderson, Bryant, and that consequently, no individual liability can attach. The trial court overruled his motion to dismiss and submitted the issue of his individual liability to the jury. Bryant here urges error based solely on an agency argument.

■ The general rule is that a contract made with a known agent for a disclosed principal is a contract with the principal alone. *Moran v. Loeffler–Greene Supply Co.,* 316 P.2d 132, 134 (Okla.1957). However, equally true is the exception to the general rule:

> "If the agent, acting within the scope of his authority, in the pursuit of a lawful purpose, steps aside to engage in a tortious act to the injury of property or personal rights of another, the agent becomes liable for the injury done." *Rogers v. Brummett,* 92 Okl. 216, 220 P. 362, 365 (1923).

The exception applies to actions for fraud, negligence, and conversion by the agent. *Fidelity Funding Co. v. Vaughn,* 90 P. 34 (Okla.1907); *Sutherland v. St. Francis Hospital,* 595 P.2d 780, 783 (Okla.1979); *J.C. Penney Co. v. Barrientez,* 411 P.2d 841 (Okla.1965); *Ping v. Kershaw,* 89 Okl. 43, 213 P. 840 (1923). Further, the Oklahoma tort statutes specifically provide that one "who willfully deceives another, with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." 76 O.S.1981 § 2.

■ An additional basis for individual liability appears in the Oklahoma securities statutes which form the gravamen of the first two of Bane's claims for relief. Title seventy-one provides that:

"Every person who materially participates or aids in a sale or purchase made by any person liable under subsection (a) of § 408, or who directly or indirectly controls any person so liable, shall also be liable jointly and severally with and to the same extent as the person so liable ..." 71 O.S.1981 § 408(b).

The plaintiff's petition alleges seven different claims for relief: violation of 71 O.S.1981 § 408, violation of 71 O.S.1981 § 101, common law fraud, breach of contract, tortious breach of contract, common law negligence, and conversion. Clearly, the trial court correctly maintained Bryant as a defendant. However, because Bryant alleges error both in the trial court's refusal to grant his motion to dismiss and alternately in the jury's finding of individual liability, we now inquire whether the jury heard sufficient evidence to return a verdict against him individually.

■ The record reflects that in 1982 Bane established a personal Keogh account, and that in 1984 she invested its contents with Anderson, Bryant & Co. in a limited partnership securities project called Water World. She testified she did so after being advised that this security was approved for Keogh status, and that Anderson, Bryant & Co. was authorized to make Keogh investments. Bryant supervised the Water World project, and was directly in charge of the project for the firm. Tr. pp. 174–176. The documents resulting in transfer of Bane's $4,381.87 indicated that these funds were to be transferred into an Anderson, Bryant & Co. Keogh account within the 60 day period allowed for such transfers without penalty. Tr. pp. 186–206, 218. Bryant decided how to divide the commission for this sale between the defendants Phillips and Oden. Tr. pp. 206–210.

Later, defendant Oden told Bryant that Bane's cashier's check was ready, but that the plaintiff's bank could not transfer the account to an outside security such as Water World. Oden further attempted to locate another bank to handle this transaction, and informed Bryant of his unsuccessful efforts. Oden also informed Bryant that the transaction needed to be completed within 60 days, or Bane's money must be returned to her in order to preserve the Keogh tax benefits, and further advised Bryant to return Bane's money. Tr. pp. 418–428, 433, 440–41. Only after the 60 day grace period elapsed was Bane apprised that Anderson, Bryant & Co. was not qualified to maintain Keogh accounts. We find the evidence sufficient to submit the issue of Bryant's individual liability to the jury.

■ After receiving all of the evidence, the jury rendered a general verdict against Anderson, Bryant & Co., Bryant, and Phillips. "A general verdict is that by which they pronounce generally upon all or any of the issues, either in favor of the plaintiff or defendant." 12 O.S.1981 § 587. Additionally, a general verdict of a jury constitutes a finding of every material fact necessary to support it, and is conclusive as to all disputed facts and conflicting statements. *Garrison v. Bonham*, 207 Okl. 599, 251 P.2d 790, 793 (1952); *Walker v. St. Louis–San Francisco Ry. Co.*, 646 P.2d 593, 597 (Okla.1982). None of the defendants requested specific findings of fact, and consequently none were made. See, 12 O.S.1981 § 588.

The trial court properly submitted the issue of individual liability to the jury. No special findings of fact exist to controvert the general verdict against Bryant, and we therefore affirm the verdict against that defendant individually.

### III.

### DAMAGES

In its general verdict, the jury awarded the plaintiff $60,000 actual and $50,000 punitive damages. The defendants argue that the award of actual damages was speculative, that it exceeded the amount allowable by law, and that the court erred in failing to require future damages to be

reduced to present value. They further argue that the award of punitive damages violates their constitutional rights.

■ A review of the record confirms, as urged by the plaintiff, that defendants have waived much of their argument regarding damages. Parties will not be permitted to raise issues before this court which were not raised in the trial court. *Sharp v. Henry*, 298 P.2d 1058 (Okla.1956); *Helfinstine v. Martin*, 561 P.2d 951 (Okla. 1977). Further, a party who fails to preserve an issue for appeal by objecting in a timely manner to testimony or issues before the trial court, or to instructions given, or by neglecting to offer a proper instruction has waived review of that issue in this court. *Hames v. Anderson*, 571 P.2d 831, 833 (Okla.1977); *Wat Henry Pontiac v. Pitcock*, 301 P.2d 203, 207 (Okla.1956).

■ At trial, both the plaintiff and defendants offered testimony of economic experts in order to establish the amount of damage suffered. Neither party challenged the competency of either witness, and the jury heard all of the testimony. Each expert offered a means of computing the actual loss occasioned by the failure of the investment transaction. Neither expert testified regarding the present value of future damages. The defendants' attorneys did not cross-examine the plaintiff's expert in this area. Further, defendants did not object to the damages instruction given as not addressing present value, nor did they offer an instruction regarding reduction of future damages to present value.

Instructing the jury on the law is within the province of the court. However, "once the court has instructed generally, it is incumbent on the parties to request a more specific instruction." *Middlebrook v. Imler, Tenny & Kugler, M.D.S.*, 713 P.2d 572, 580 (Okla.1985). Further, under Oklahoma law,

"defendants who fail to request the instructions they desire on 'allowable damages' are not in a position on appeal to complain of the trial court's failure to give them. We have specifically applied this rule to the subject of instructions on present value." *Chicago, Rock Island & Pacific Ry. Co. v. Hawes*, 424 P.2d 6, 14 (Okla.1967).

In *Middlebrook* supra, we observed that a present value damage instruction is not a fundamental issue which can be first raised at the appellate level, citing *Walker v. St. Louis–San Francisco Ry. Co.*, supra.

■ The defendants also argue that the formula applied by the plaintiff's expert could not result in an award based upon a reasonable certainty, and that the verdict was the result of speculation. Each side, however, presented its own economic version of damages. As is proper, the jury weighed the credibility of the witnesses. Where the amount of the verdict is within the limits of the evidence, we will not invade the jury's province and substitute our judgment as a fact finding tribunal. *Oklahoma Turnpike Authority v. Chandler*, 316 P.2d 828, 833 (Okla.1957); *First National Bank of Amarillo v. LaJoie*, 537 P.2d 1207 (Okla.1975). No objections challenged the competency of the experts. Upon the finding of any competent evidence to support it, the jury verdict will be sustained. *Walker*, supra; *Missouri–Kansas–Texas Ry. Co. v. Chief Equipment Company*, 421 P.2d 841 (Okla.1966).

■ In determining the future effect of an injury, the law requires a showing of reasonable certainty. The evidence is sufficient if it demonstrates that the damages could be computed by just and reasonable inference. *Larrance Tank Corp. v. Burrough*, 476 P.2d 346, 350 (Okla.1970). Further, where the issue of uncertainty of damages arises, the rule limiting recovery of uncertain damages applies to the fact of such damages, not their measure. *Hardesty v. Andro Corp.*, 555 P.2d 1030 (Okla.1976); *Martin v. Griffin Television, Inc.*, 549 P.2d 85 (Okla.1976).

■ The plaintiff's expert testified that upon the failure of the investment transac-

tion, Bane lost all of the benefits of her 1982 Keogh plan, and that while she could invest in this type of retirement plan in the future, she could not revive the 1982 plan. Consequently, the plaintiff's expert computed the value of the loss assuming that Bane retained the money originally in the account to age 70½, and received an average interest rate of 10%. Using these assumptions, the plaintiff's expert reached a figure of *total* loss of $94,990.00. The witness then adjusted this amount by deducting taxes and penalties, and subtracting the amount plaintiff could make now by investing in non-Keogh programs, and adding the amount of money not returned by Anderson, Bryant. This resulted in a net loss figure of $59,233.07.

As one might expect, the defendants' expert presented a different scenario. He testified that the amount necessary to restore Bane would be roughly $5,800. He arrived at this figure by simply adding to the initial figure of approximately $4,300 the early withdrawal penalty and the tax penalty for withdrawing the money before age 59½.

The jury received two methods by which it could compute damages. Each method had defined variables. Nothing indicates that the jury did anything other than apply the law as given by the court to the facts in evidence. Consequently, we affirm the award of actual damages.

■ The defendants argue that the law will not support an award of punitive damages in this action, and specifically, that such an award violates their constitutional rights. Since the defendants failed to raise the issue of constitutionality of punitive damages at trial and failed to present that issue in their motion for new trial, they may not raise that issue for the first time on appeal. 12 O.S.1981 § 991.

■ Defendants contend that the court's instructions were vague and nebulous. The trial court explicitly instructed that punitive damages could be assessed upon finding of gross negligence, fraud,

and/or malice. The instructions define with required particularly the terms negligence, gross negligence, fraud and malice, and set forth the conditions which the jury must find for such an award. The defendants did not object to these instructions, other than to comment that in their opinion the definitions "did not go far enough." They did not offer their own instructions, and did not preserve for the record any argument that the existing standards for such instructions and awards are unconstitutionally vague. They may not raise those arguments for the first time on appeal. Consequently, the award of punitive damages is affirmed.

## IV.

### ATTORNEY'S FEES

After the petition in error was filed, the trial court heard and decided the plaintiff's motion for attorney's fees and costs. The court considered and decided this motion in plaintiff's favor on March 13, 1987. The face of the order reflects that the court made its ruling in open court "at the conclusion of the arguments of counsel." The order was apparently memorialized on May 18, 1987. The amended petition in error seeking review of this award was not filed until June 18, 1987.

■ Rule 1.11(d) of the Rules of Civil Appellate Procedure requires the timely filing of a petition in error to review an order awarding attorney's fees. The time period for filing a petition in error begins to run when the court pronounces its decision, and not when such decision is subsequently memorialized. *Miller v. Miller,* 664 P.2d 1032, 1034 (Okla.1983). Consequently, the amended petition in error seeking this court's review of the order granting attorney's fees was not timely filed, and will not be considered.

### CONCLUSION

Finding no reversible error in the proceedings on review before us we affirm the judgment of the trial court.

HARGRAVE, C.J., and LAVENDER and ALMA WILSON, JJ., concur.

OPALA, V.C.J., concurs in Judgment Part II, concurs in Part III, concurs in Part IV; dissents from Part I.

HODGES, J., concurs in Part I and Part II; dissents from remainder.

KAUGER, J., concurs in Parts II, III and IV; dissents from Part I.

SIMMS and DOOLIN, JJ., dissent.

HODGES, Justice, dissenting in part.

In my opinion the damages awarded by the jury were excessive in two respects:

(1) The court's failure to comply with the rule that future damages should be reduced to their present value. *Groendyke Transport, Inc. v. Merchant*, 380 P.2d 682 (Okla.1963).

(2) The jury should have been instructed that plaintiff was required to mitigate her damages by reinvesting the balance of her IRA account, after payment of penalties and tax into a new IRA account. *Smith–Horton Drilling Co. v. Brooks*, 199 Okl. 63, 182 P.2d 499 (1947).

The failure to apply the above principles of law resulted in a windfall to the plaintiff and the damage award should be reversed for a new trial.

OPALA, Vice Chief Justice, concurring in part and dissenting in part.

In part I of its opinion the court holds that when one of two aggrieved parties represented by the same counsel is "inadvertently omitted" from a timely-filed petition in error, the missing entity *may nonetheless* be treated as a *co*-party appellant

even though it did not seek to join the appeal until *after* the expiration of maximum statutory time to invoke this court's reviewing cognizance. I must recede from this part of today's pronouncement. *In my view, a party's failure to be expressly included upon the face of a timely-filed petition in error as a party appellant is a failure to appeal. No less authority than our nation's highest tribunal is unequivocally committed to this mechanical norm of adjective law.*[1]

Gary E. Bryant [Bryant] seeks to join this appeal as an additional party appellant. He argues that "through inadvertence" he was not named or otherwise designated as relief seeker in the petition in error timely filed by appellant, Anderson, Bryant & Co. [Company]. Both Bryant and Company are represented by the same lawyers. Larry John Phillips [Phillips], appearing by separate counsel, seeks to join as appellant in this appeal for the same reason as that urged by Bryant. The court treats Bryant as though he "always has been" a legitimate appellant but excludes Phillips. I would reject *both* of these belated attempts to ride piggy-back on another litigant's timely-filed petition in error.

After expressly conceding "it is too late for him [Bryant] to become an appellant," the court departs from time-honored norms of appellate procedure to fashion a new rule: When two or more aggrieved parties have common representation and one of them is mistakenly left out of a timely-filed petition in error, the otherwise fatal omission, discovered *after* appeal time has expired, becomes *now correctable* by counsel's self-serving statements pieced together with select allegations of error[2] and trial court "findings." In my view, neither common representation nor oblique reference made to multiple parties in the assign-

---

**1.** Procedural rules *must be applied mechanically* to avoid the uncertainties that arise when exceptions are created. *Torres v. Oakland Scavenger Company, infra* note 14 and *United States v. Indrelunas, infra* note 13.

**2.** The presence of references in Company's petition in error to unnamed defendant*s* below—*in*

*plural form*—*does not, in my view, provide the magic wand for tramsmogrifying this appeal, in which but one appellant is explicitly named, into a proceeding in error that includes two designated parties appellant.*

ments of error provides legal warrant for today's magic transmutation of an omitted relief seeker into a co-party appellant.[3]

Only last month this court shifted *to the appellee* the risk of untimely postal delivery of a certiorari petition.[4] Similarly today the court *reallocates* to the wrong party—*the appellee*—the risk of (a) nondesignation, (b) maldesignation, (c) misdesignation or (d) *ambiguity for lack of explicit and timely designation of a party appellant.* I would instead follow the unbroken precedent and cast on the *party* who desires appellate review the risk of its failed inclusion as an explicit corrective relief seeker in another party's timely-filed petition in error.

Under today's standards for the legal profession's rescue from fatal consequences of sloppy practice, a defeated litigant, who has not been named as an appellant on the face of another party's timely-filed petition in error, *may* nonetheless be declared to have been a legitimate co-party appellant from the very inception. *I cannot countenance a norm of adjective law that invites careless practice and puts a premium on ambiguity.* This state's time-honored legal tradition counsels a far more considerate treatment for parties who prevail at nisi prius. *Not later* than on the morning of the day following the expiration of the maximum statutory time for appealing, the successful trial-court litigant is entitled to be afforded the means of *ascertaining, from mere facial inspection of an adversary's petition in error,* those parties against whom the judgment remains subject to judicial review, and must be afforded the opportunity to identify with accuracy, from the four corners of that single document, those litigants against whom the adjudicated obligation has become enforceable as final. Today's pronouncement deprives judgment creditors of this very minimal and essential certainty with respect to a judgment's finality.

The omission of an aggrieved party's name from the petition in error is *in fact and in law* that party's failure to meet the *jurisdictional* deadline.[5] The fact that *neither Phillips nor Bryant was named in*

---

**3.** The court patently *errs* when it accepts as true and acts on a lawyer's after-the-fact, self-serving affidavit stating that Bryant's name was inadvertently omitted from a petition in error and that its omission could not have been discovered with due diligence before the maximum time for commencing an appeal had expired. Appellate records are neither amendable nor impeachable by means of an affidavit. *Jenkins v. State,* 11 Okl.Cr. 168, 145 P. 500, 502 [1914]; *State ex rel. Department of Highways v. Lehman,* Okl., 462 P.2d 649, 650 [1969].

**4.** In *Miller v. B.F. Goodrich Co.,* No. 69,636, by unpublished September 25, 1989 order, this court retroactively extended the time to file an *untimely* brought certiorari petition. Although the defeated litigant in the Court of Appeals had *mailed* the instrument to this court's clerk *before expiration* of the prescribed time for filing, its *postal delivery* came too late. By accepting the belated certiorari petition as timely, the court *makes the nisi prius victor bear the risk of postal misdelivery, nondelivery or late delivery.* See *Miller v. B.F. Goodrich Co.,* No. 69,636, September 26, 1989 (unpublished dissenting opinion by Opala, V.C.J., with whom Lavender, J., joined). *Similarly here it is the prevailing party who is made to bear the risk of a fatal omission from a timely-filed petition in error.*

**5.** 12 O.S.1981 §§ 990 and 992, *infra; Presbyterian Hosp. v. Bd. of Tax–Roll Corr.,* Okl., 693

P.2d 611, 615 (1984); *Western Okl. Chapter, Etc. v. State, Etc.,* Okl., 616 P.2d 1143, 1147 (1980). The pertinent terms of 12 O.S.1981 § 990 provide:

"*An appeal to the Supreme Court may be commenced* from an appealable disposition of a court or tribunal *by filing* with the Clerk of the Supreme Court *a petition in error, within thirty (30) days from the date of the final order or judgment sought to be reviewed.*
" * * *

"Provided, however, that in all cases the record on appeal shall be complete and ready for filing in the Supreme Court within the time prescribed by rules of that court but within a period of not more than six (6) months from the date of the order or judgment complained of unless the Supreme Court, for good cause shown, shall extend the time. *Provided, further, that, except for the filing of a petition in error as provided herein, all steps in perfecting an appeal are not jurisdictional.* [Emphasis added.]"

The pertinent terms of 12 O.S.1981 § 992 provide:

"Where possible, errors in perfecting an appeal must be raised promptly in the trial court, and errors in perfecting an appeal that could have been raised in the trial court may not be raised for the first time in the appellate court. *The parties may waive any defect or error in perfecting an appeal except the timely*

*the caption or was otherwise identified as an appellant in the body of any petition in error filed in this case is undisputed.*[6]

This court's reviewing cognizance is invocable *only* "in the manner provided by law." Art. 7, § 4, Okl. Const.[7] The Supreme Court is *powerless* to entertain a plea for corrective relief lodged *after* the expiration of statutory period; failure to bring a timely appeal constitutes a *jurisdictional* defect.[8]

An amendment to a petition in error is permitted *only* to include or amplify *issues* raised below, *not to add parties.*[9] Allowing either applicant to seek review after the lapse of maximum period allowed by law would result in an *unauthorized judicial extension* of the statutory time for

invoking this court's power to grant corrective relief.[10] The law has *never* permitted one who has not timely appealed, counter-, or cross-appealed, to advance for review any reversible error.[11]

Today's pronouncement is contrary to at least one recent disposition in a case where two aggrieved parties, represented by *separate* counsel, sought corrective relief in this court. Only *one* of them timely appealed. The *second* brought its own petition in error fifty-two days after the appealable event had occurred. Conceding its attempt to invoke our reviewing power came too late, the second party moved for its own appeal's dismissal and sought to be included as a party appellant in the timely appellant's cause. This court *denied* the

---

*filing of a petition in error. . . .* [Emphasis added.]"

**6.** Company filed an amended petition in error in which neither Bryant nor Phillips was designated or mentioned as a co-appellant. Their later applications to be included in this appeal may not be treated as petitions in error. Those instruments were filed well beyond the *40-day* period allowed for bringing a petition in error *after* an appeal in the case has already been commenced by another party. 12 O.S.Supp. 1984 § 990.1 See also Rule 1.18(a), Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp. 1984, Ch. 15, App. 2, whose pertinent terms are: "*If a petition in error has been timely filed to commence an appeal* from an appealable decision, then *any party aggrieved by the same decision may file its petition in error within forty days* of the date the appealable decision was rendered. * * * [Emphasis added.]"

**7.** The pertinent terms of Art. 7, § 4, Okl. Const., provide: "The appellate jurisdiction of the Supreme Court shall be coextensive with the State and shall extend to all cases at law and in equity; * * * *The appellate and the original jurisdiction of the Supreme Court and all other appellate courts shall be invoked in the manner provided by law.* [Emphasis added.]"

**8.** See the authorities cited *supra* note 5.

**9.** *Tisdale v. Wheeler Bros. Grain Co., Inc.*, Okl., 599 P.2d 1104, 1106 (1979); *Ogle v. Ogle*, Okl., 517 P.2d 797, 799 (1973). See also, *State v. County Beverage–License No. ABL–78–145*, Okl., 652 P.2d 292, 294–295 (1982); Rule 1.17(a), Rules of Appellate Procedure in Civil Cases, 12 O.S.1981, Ch. 15, App. 2, which provides: "*The petition in error may be amended* at any time before brief in chief is filed, or thereafter

by leave of court, *to include any error or any issue presented to and resolved by the trial court which is supported by the record,* but if a party has filed a motion for new trial, errors either not alleged in that motion or not fairly comprised within the grounds alleged therein may not be asserted on appeal by such party. . . .* [Emphasis added.]"

**10.** See the authorities cited *supra* notes 5 and 7; Rule 1.15(a), Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1985, Ch. 15, App. 2, which provides: "*The petition in error shall be filed within thirty days from the final judgment or final order;* appellant shall attach to the petition in error a copy of the designation of record filed in the trial tribunal pursuant to Rule 1.20(a). *The interval allowed for filing a petition in error may not be extended by either the trial tribunal or this Court.* For cross or multiple appeals Rule 1.18 is applicable. [Emphasis added.]"

**11.** See *State v. County Beverage License No. ABL–78–145, supra* note 9; *May v. May*, Okl., 596 P.2d 536, 540 (1979); *Ogle v. Ogle, supra* note 9; *Holshouser v. Holshouser*, 166 Okl. 45, 26 P.2d 189 (1933) (syllabus 2); *Sharum v. City of Muskogee*, 43 Okl. 22, 141 P. 22 (1914) (syllabus 1); see also, *Price v. Reed*, Okl., 725 P.2d 1254, 1261 n. 29 (1986); *Nilsen v. Tenneco Oil Co.*, Okl., 614 P.2d 36, 39 (1980); cf. *Woolfolk v. Semrod*, Okl., 351 P.2d 742, 745 (1960) (a *successful* party may, without a counter- or cross-appeal, argue before an appellate court only those errors which, if rectified, would support the correctness of the trial court's judgment).

quest, holding that to allow the tardy litigant's participation as an appellant in the timely appeal brought by another party "would contravene the jurisdictional time limit of 12 O.S.1981, § 990." [12]

The *precise identity* of the appealing party or parties represents critical information the appellant is required to include within the caption and hence within the four corners of the petition in error. This is the clear mandate of this court's April 3, 1972 order which implements the provisions of 20 O.S.1971 § 3002. The order expressly enjoins that *"[t]he appealing party shall be designated in the caption as 'Appellant' ..."* [emphasis mine]. See 20 O.S. 1981 § 3002 and the Supreme Court's order that accompanies that statute's text.

A petition in error is Oklahoma's counterpart of a federal-court notice of appeal. When timely filed, each instrument invests the appellate court with reviewing cognizance.[13] In a recent U.S. Supreme Court case a party's name concededly was omit-

---

**12.** See *Rice v. Bd. of Review for the Okl. Empl. Sec. Com'n, the Okl. Sec. Com'n and Adair State Bank,* No. 71,557, unpublished October 17, 1988 dismissal order, whose text is as follows:

"ORDER

"Petition in error filed by Oklahoma Employment Security Commission on September 9, 1988, is dismissed as untimely pursuant to the Commission's motion of October 5, 1988. *The Commission's motion to join the earlier, timely petition in error of Adair State Bank is denied. To permit such joinder would contravene the jurisdictional time limit of 12 O.S.1981, § 990.* See, *State v. County Beverage License No. ABL–78–145,* Okl., 652 P.2d 292 (1982); *Ogle v. Ogle,* Okl., 517 P.2d 797 (1973).

"Appeal by the Oklahoma Security Commission filed September 9, 1988, is dismissed. Appeal to proceed as to appellant Adair State Bank, whose petition in error was filed August 18, 1988. Appellant Adair State Bank is directed to file an amended petition in error, not later than twenty days from the date of this order, attaching a certified copy of the journal entry as required by 12 O.S.1981, § 32.2; *Johnson v. Johnson,* 674 P.2d 539 (Okl. 1983).

"* * * *

"DOOLIN, C.J., HARGRAVE, V.C.J., LAVENDER, OPALA, WILSON and KAUGER, J.J.— Concur [Emphasis added.]"

**13.** See Rules 3(a) and (c) and 4(a)(1) and (5), Federal Rules of Appellate Procedure, *infra; Browder v. Director, Dept. of Corrections of Ill.,* 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978), reh. den. 434 U.S. 1089, 98 S.Ct. 1286, 55 L.Ed.2d 795 (the time limit prescribed by Rule 4, Fed.Rules App.Proc., is "mandatory and jurisdictional"); *Brainerd v. Beal,* 498 F.2d 901, 903 (7th Cir.1974), cert. den. 419 U.S. 1069, 95 S.Ct. 655, 42 L.Ed.2d 664, reh. den. 420 U.S. 913, 95 S.Ct. 836, 42 L.Ed.2d 844, citing *United States v. Indrelunas,* 411 U.S. 216, 222, 93 S.Ct. 1562, 1565, 36 L.Ed.2d 202 (1973) (*procedural rules must be applied mechanically to avoid the uncertainties that arise when exceptions are created*).

The terms of Rule 3(a) and (c), Fed.Rules App. Proc., provide:

"(a) Filing the Notice of Appeal. *An appeal permitted by law as of right* from a district court to a court of appeals *shall be taken by filing a notice of appeal with the clerk of the district court within the time allowed by Rule 4.* Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal.

"* * * *

"(c) Content of the Notice of Appeal. *The notice of appeal shall specify the party or parties taking the appeal;* shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. Form 1 in the Appendix of Forms is a suggested form of a notice of appeal. *An appeal shall not be dismissed for informality of form or title of the notice of appeal.* [Emphasis added.]"

The pertinent terms of Rule 4(a)(1) and (5), Fed.Rules App.Proc., provide:

"* * * *

"(1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals *the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order* appealed from....

"* * * *

"(5) *The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).* Any such motion which is filed before the expiration of the prescribed time may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. *No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.* [Emphasis added.]"

ted from a notice of appeal because of a clerical error by an employee of that party's lawyer—a scenario nearly identical to that in this case. *The Court held "[t]he failure to name a party in a notice of appeal is more than excusable 'informality;' it constitutes a failure of that party to appeal. [Emphasis added.]"* [14] *I would adopt for Oklahoma the very same rationale as that laid down by our nation's highest tribunal.* It is entirely *consistent* not only with Oklahoma's own procedural regime but also with the uninterrupted course of this state's jurisprudence.

In sum, because Bryant and Phillips both failed to bring a timely petition in error, I would reject their belated quest for the status of parties appellant. While I agree with the court's treatment of the issues raised by the sole legitimate appellant (Company), I dissent from that part of the opinion which recognizes Bryant as an *ab initio* co-party appellant—i.e., one who may invoke corrective relief. In my view, the judgment against Bryant became final by lapse of time when *he failed to bring a timely appeal or to join that of the Company within the maximum statutory interval.*

---

**14.** *Torres v. Oakland Scavenger Company,* 487 U.S. 312, 108 S.Ct. 2405, 2407, 101 L.Ed.2d 285 (1988).