**Thomas James BOND, Appellant,**

v.

**OKLAHOMA NATURAL GAS, trade name of Oneok, Inc., a Delaware Corporation, Appellee.**

**No. 78506.**

Court of Appeals of Oklahoma, Division No. 3.

Feb. 16, 1993.

Ted Sherwood, Oklahoma City, for appellant.

D. Lynn Babb, G. Calvin Sharpe, Oklahoma City, for appellee.

**MEMORANDUM OPINION**

HUNTER, Judge:

Appellant, Thomas James Bond, was injured when the road grader he was operating as an employee of Haskell County struck an underground high pressure gas line operated by Appellee, Oklahoma Natural Gas. He filed a negligence action alleging Appellee failed in its duty to warn him of the presence of the gas line at the construction site. Appellant argued, in disregard of the Underground Facilities Damage Prevention Act (Act), 63 O.S.1991, § 142.1 *et seq.*, that Appellee bore the burden of protecting excavators from the dangers of unearthing the gas line. On Appellee's Motion for Summary Judgment, the gas company offered uncontradicted evidence that a "line locate" request pursuant to the Act had never been made by Appellant or his employers for the construction site and that the project was not pre-engineered, preplanned, or certified. The trial court found that the gas company was entitled to judgment as a matter of law.

The essential issues to be answered on this appeal are whether the Act removed any duty Appellee may have had to warn excavators of potential dangers from the underground line, and whether Appellee

could be held responsible for Appellant's injuries if its employees had actual knowledge of the construction work?

■ Appellant does not contend the Act is inapplicable to his case. He contends rather, that the Legislature did not intend to revoke the gas line operator's duty to warn excavators of potential hazards. We find Appellant's assertions untenable in light of the pertinent statutes.

Sections 142.6(A) and (B) provide:

A. Before an excavator shall ... commence to excavate a highway, street ... on or near the location of an operator's underground facilities ... such excavator shall first notify all operators in the county who have on file with the County Clerk a notice pursuant to Section 3 of this Act, to determine whether any operators have underground facilities in or near the proposed area of excavation....

B. Each operator served with notice in accordance with subsection A ... either directly or by notice to a notification center ... shall ... locate and mark or otherwise provide the approximate location of the underground facilities of the operator in such a manner as to enable the excavator to employ hand and dug test holes to determine the precise location of the underground facilities in advance of excavation....

Section 142.7 further provides:

A. Except as provided in subsection B of this section, powered or mechanized equipment shall not be used directly over marked routes of underground facilities until the precise location has been determined by the excavator, and then only after the facilities have been exposed and properly protected to avoid damage to them. If the precise location ... cannot be determined by the excavator, the operators thereof shall be notified by the excavators so that the operator can determine the precise location ... prior to continuing excavation....

According to the very language of the Statute, it was the excavator's duty to notify gas company of impending excavations, because the gas company had filed notice of the presence of its lines with the County Clerk. Section 142.6(A) places a duty of a first call upon the excavator. Evidence submitted with the Motion for Summary Judgment indicates the other county employees participating in the road construction project were aware that gas company had a line in the area, but no one notified Appellee of the project.

■ Appellant argues that some employee of gas company probably had actual notice of the construction because the gas wells in the vicinity of the construction site were read once a week. But in light of an excavator's duty to first call when excavating in the area of an underground facility, the burden of notice cannot be shifted to the gas company. Statutes must be construed consistently as a whole. *Cowart v. Piper Aircraft Corp.* 665 P.2d 315 (Okl. 1983). Utility operators cannot be expected to police the miles of underground pipelines to prevent encroachment. It is enough according to the legislative enactment for an operator to comply with the Act, which the record indicates gas company had done. There is no room in the statutory procedure for imputing to the operator notice of construction. The duty remains with the excavator to request a gas line locate.

■ Appellant contends the construction project was only maintenance work under the statute and was exempt from notification requirements. 63 O.S.1991, § 142.11. Appellant did not raise this issue in the trial court and is not permitted to argue new issues on appeal. 12 O.S.1991, § 992; *Bane v. Anderson, Bryant & Co.*, 786 P.2d 1230 (Okl.1989). Regardless, we find the contention unsupported by the statutory definition of maintenance.

AFFIRMED.

HANSEN, C.J., and BAILEY, P.J., concur.